## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NASAKAITIS MOTORSPORTS MANAGEMENT, LLC | § § § | PLAINTIFF |
| v. | § | Civil No.1:10cv125HSO-JMR |
| | § | |
| ROCKSTAR, INC., ET AL. | § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of Defendant Rockstar, Inc., for Summary Judgment [38-1] filed March 15, 2011, pursuant to FED. R. CIV. P. 56. Plaintiff Nasakaitis Motorsports Management has filed a Response [41-1], and Defendant Rockstar a Rebuttal [45-1].  After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion for Summary Judgment should be denied in part and granted in part, and that Plaintiff's punitive damages claim should be dismissed.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff Nasakaitis Motorsports Management ["Plaintiff"], is a Mississippi entity which operates a Suzuki motorcycle racing team throughout the United States.  The team has competed in both the American Motorcyclist Association ["AMA"] Pro Supercross circuit and the AMA Pro Motorcross circuit.  Rockstar ["Defendant"] manufactures and distributes energy drinks in the United States and abroad, including the ROCKSTAR® beverage product.   For many years, Rockstar has sponsored athletes, teams, and sporting events to help promote its products.

Def.'s Mem. in Support of Mot. for Summ. J. at p. 2.

In August 2009, Michael Nasakaitis, Jr., Plaintiff's team manager, and Mike Kelso of Rockstar began corresponding concerning the possibility of Defendant acting as Plaintiff's title sponsor for the 2010 racing season.  During August, September, and early-October of 2009, Mr. Nasakaitis and Mr. Kelso had multiple communications concerning the potential title sponsorship.   On October 13, 2009, Defendant made the decision to instead sponsor Canidae Kawasaki.

Plaintiff filed a Complaint on or about February 2, 2010, in the Harrison County Circuit Court, alleging breach of contract, detrimental reliance, and negligence claims.  Pl.'s Compl. at ¶¶ 10-17, 22-23.   Plaintiff also asserted a claim for punitive damages.  Pl.'s Compl. at ¶ 19.  On March 25, 2010, Defendant filed a Notice of Removal in this Court.

According to the Complaint, beginning in approximately 2004, Defendant entered into marketing and sponsorship agreements with various Suzuki motorcycle teams in the two racing circuits.  Plaintiff's Complaint further asserts that:

> During August and September, 2009, Rockstar solicited Nasakaitis and its racing teams, and offered to sponsor the Plaintiffs' racing team for the 2009-2010 racing circuit.   Rockstar offered to pay to Nasakaitis the sum of Two Hundred Seventy Thousand Dollars ($270,000.00), to sponsor said team. In addition, Rockstar offered to pay to Suzuki for the benefit of the team the sum of Two Hundred Thousand Dollars ($200,000.00).  Furthermore, Rockstar agreed to provide the Plaintiff with One Hundred Fifty Thousand Dollars ($150,000.00), in equipment and apparel for its racing team.   In exchange for the aforesaid considerations, Plaintiff agreed to promote the Defendants [sic] beverage products during the

-2-

racing season and agreed to the placement of certain logos and promotional items regarding Rockstar's beverage products on the motorcycles and motorcycle uniforms of the Plaintiff and its racers.

Pl.'s Compl. at ¶ 5.

Defendant now moves the Court for summary judgment, on grounds that Plaintiff is unable to produce any evidence supporting the existence of a contractual agreement between the parties.   It is undisputed that no formal, written contract was ever executed.

## II. DISCUSSION

A.   Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," only those disputes of fact that might affect the outcome of the

lawsuit under the governing substantive law will preclude summary judgment.  *Id.* (citing *Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

B.    Plaintiff's Contract Claims

1.    Formation of a Contract

This section collectively addresses the breach of contract, detrimental reliance,[1] and negligence[2] claims inasmuch as Plaintiff alleges that the latter two claims occurred as a result of Defendant's breach of the parties' sponsorship agreement.

> Under Mississippi law, the elements of a valid contract are: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation.  *Mauldin Co. v. Lee Tractor Co. of Miss., Inc.,* 920 So. 2d 513, 514 (Miss.Ct.App.2006); *Rotenberry v. Hooker,* 864 So. 2d 266, 270 (Miss. 2003).  Pertinent here, the mutual assent of each of the contracting parties to the terms of the contract is essential to the formation of a valid contract,  *Lanier v. State,* 635 So. 2d 813, 826 (Miss. 1994), and the court

---

[1]The Complaint alleges that Plaintiff "reasonably relied on Defendant's representations, . . . and as a direct, proximate and foreseeable result of the same, suffered damages."  Compl. ¶ 16, at p. 5.

[2]The Complaint alleges that Plaintiff suffered damages as a direct result of Defendants' negligence as "Defendants had a duty to abide by the terms of the agreements with the Plaintiff, . . . [and] were negligent and breached their duties."  Compl. ¶¶ 21-22, at p. 6.

'will not draft a contract between two parties where they have not manifested a mutual assent to be bound.' *A. Copeland Enters. v. Pickett & Meador, Inc.,* 422 So. 2d 752, 754 (Miss. 1982).

*Prism Marketing Co., Inc. v. Casino Factory Shoppes, LLC*, 2009 WL 4348952, *3 (N.D. Miss. 2009).

Defendant contends that it is entitled to summary judgment as a matter of law, in that Plaintiff is unable to demonstrate by clear and convincing evidence that there was a meeting of the minds between the parties. To support its position the Defendant presents the affidavits of Mike Kelso, Roger Decaster, Rod J. Lopusknak, and Seth Appel, which it claims show that there was no meeting of the minds on any of the terms of the contract alleged by Plaintiff. Exs. "2-6", att. to Def.'s Mot. for Summ. J.  These affidavits tend to support Defendant's position that: 1) no agreement was ever reached between Plaintiff and Defendant; 2) in the racing industry, negotiations alone oftentimes do not lead to a sponsorship agreement; and 3) Plaintiff did not suffer any damages as a result of Defendant's conduct.

Plaintiff responds with the Affidavit of Michael Nasakaitis, Jr., which states in part that "Kelso, on behalf of Rockstar, proposed a title sponsorship . . . whereby Rockstar offered to pay the sum of $270,000.00". Ex. "H", [43-1], ¶ 7 at p. 2. Nasakaitis "accepted the offer of Rockstar tendered through Mike Kelso, . . . who advised me that there was no need to prepare a formal written sponsorship agreement and we were 'good to go'".   Ex. "H", [43-1], ¶ 8 at p. 2.

Determination of the subjective intent in an affidavit creates a question of fact for a jury.  A witness can write down what he claims his thoughts were at a

given time, but only his demeanor on the stand will provide a finder of fact the additional information necessary to decide whether or not to believe him. *Ponthieux v. Benford,* 2006 WL 2927549, *4 (N.D. Miss. 2006).

In the present case, the Court concludes that material fact questions exist regarding Plaintiff's breach of contract claim, specifically: 1) whether there was mutual assent and whether a sponsorship agreement was indeed created; and if so, 2) the specificity of its terms. Therefore, fact questions also remain on Plaintiff's detrimental reliance and negligence claims.

2.    <u>Apparent Authority</u>

In further support of its position that no sponsorship agreement was reached, Defendant also submits the Affidavit of Jason May. He states that he, and not Mike Kelso, had "the sole authority to enter into sponsorship agreements on behalf of Rockstar and to bind the company." Ex. "1", ¶5, at p. 2, att. to Def.'s Mot. for Summ. J.

Under Mississippi law, the existence of apparent authority is a question of fact. *O.W.O. Investments, Inc. v. Stone Inv. Co.,* 32 So. 3d 439, 447 (Miss. 2010) (citing *Barnes, Broom, Dallas and McLeod, PLLC v. Estate of Cappaert*, 991 So. 2d 1209, 1211 (Miss. 2008)); *see also Miller v. Union Planters Bank,* 2006 WL 3391095, *5 (S.D. Miss. Nov. 22, 2006).

> The finder of fact must determine whether there is sufficient evidence to meet the three pronged test for recovery under the theory of apparent authority which requires a showing of (1) acts or conduct of the principal indicating the agent's authority, (2) reasonable reliance upon those acts by a third person, and (3) a detrimental change in position by the third

-6-

person as a result of that reliance.

*Continental Cas. Co. v. Holi Temporary Services,* 2006 WL 1195523, *2
(S.D. Miss. 2006).

Based upon the evidence submitted in connection with the present Motion,
the Court finds that there is a genuine issue of material fact in the record as to
whether Mr. Kelso had apparent authority to enter into a contract on behalf of the
Defendant.  In reaching these conclusions, the Court is guided by the principle that
summary judgment should be used cautiously "when resolution of the dispositive
issue requires a determination of state of mind." *Croley v. Matson Navigation Co.,*
434 F.2d 73, 77 (5th Cir. 1970).   Defendant's Motion for Summary Judgment on
Plaintiff's contract claims should therefore be denied.

3.     <u>Plaintiff's Punitive Damages Claim</u>

Defendant further moves for summary judgment on Plaintiff's punitive
damages claim, arguing this dispute is an ordinary breach of contract case for which
punitive damages are inappropriate.  Def.'s Mem. Br. in Support of Mot. for Summ.
J. at p. 25.

Because this Court has subject matter jurisdiction over this lawsuit by virtue
of diversity of citizenship, 28 U.S.C. § 1332, it is obligated to apply the substantive
law of Mississippi.  Mississippi is where the incident in question occurred and
where Plaintiff filed his lawsuit.  *See Erie R.R. Company v. Tompkins*, 304 U.S. 64
(1938).

Mississippi Code § 11-1-65(1)(a) provides that

> [p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code § 11-1-65(1)(a).

Punitive damages are reserved for extreme cases and should be "allowed only with caution and within narrow limits." *Snow Lake Shores Property Owners Corp. v. Smith*, 610 So. 2d 357, 362 (Miss. 1992) (quoting *Consolidated American Life Ins. Co. v. Toche*, 410 So. 2d 1303, 1304-05 (Miss. 1982)).  The Mississippi Supreme Court has explained that

> [t]he kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries but injuries inflicted in the spirit of wanton disregard for the rights of others.  In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule.

*Summers ex rel. Dawson v. St. Andrews Episcopal School, Inc.*, 759 So. 2d 1203, 1215 (Miss. 2000) (citing *Fowler Butane Gas Co. v. Varner*, So. 2d 226, 233 (Miss. 1962)).

Plaintiff contends that "based upon the Defendant's intentional and/or grossly negligent actions, misrepresentation of material fact, malice, wilful and wanton conduct and reckless and callous disregard for the rights of Plaintiff," punitive damages are warranted in this case.  Compl., ¶ 19, at pp. 5-6.  Viewing the evidence in the light most favorable to Plaintiff, as the Court must, Plaintiff has not adduced evidence sufficient to show that Defendant "acted with actual malice, gross

negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud," as required to support a claim for punitive damages under Mississippi law.  *See* Miss. Code § 11-1-65(1)(a).  Assuming for the sake of argument that Defendant may be held liable, and accepting Plaintiff's version of events as true, this does not establish by clear and convincing evidence that Defendant's alleged conduct rises to the level necessary to justify punitive damages.  Summary judgment in Defendant's favor is therefore appropriate as to this claim.

### III. CONCLUSION

The Court has considered the Motion for Summary Judgment in light of the claims advanced by Plaintiff, along with the documents submitted in support of, and in opposition to, this Motion.  Based on the current record, and in light of the allegations raised regarding the formation of a contract,  the Court is of the opinion that, at least at this stage of the proceedings, material fact questions exist regarding Plaintiff's breach of contract, detrimental reliance and negligence claims. Specifically, questions of fact remain as to: 1) the existence and terms of Plaintiff's oral contract with Defendant, and the issue of mutual assent; and 2) the issue of apparent authority of Kelso to enter into a contractual agreement on behalf of Defendant.  Further, because questions of fact remain as to whether Defendant could be bound by this alleged agreement, Plaintiff's claims survive summary judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's

Motion for Summary Judgment [38-1], filed March 15, 2011, pursuant to FED. R. CIV. P. 56,  should be and hereby is **DENIED** as to Plaintiff's breach of contract, detrimental reliance, and negligence claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion for Summary Judgment [38-1], filed March 15, 2011, pursuant to FED. R. CIV. P. 56,  should be and hereby is **GRANTED** as to Plaintiff's punitive damages claim, and this claim should be and hereby is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE